IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
11/23/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

TEMUR ERKINOV,

Petitioner,

v.

TODD BLANCHE, Attorney General;
MARKWAYNE MULLIN, DHS Secretary;
DAVID VENTURELLA, Acting Director, ICE; and
MISTY MACKEY, Warden,
Warden, Midwest Regional Reception Center,

Respondents.

Case No. 26-3396-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Kazakhstan, entered the United States in September 2024; removal proceedings were initiated, and he was released on parole for a limited period of one year. On April 1, 2026, petitioner was detained by immigration officials. On June 1, 2026, the immigration court denied petitioner's applications for relief and ordered his removal to Kazakhstan; petitioner appealed that order to the Board of Immigration Appeals (BIA) (despite the indication on the order that petitioner waived appeal at the hearing), and that appeal remains pending. Petitioner is confined within this judicial district. On October

18, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

In general, petitioner challenges his re-detention – and an unwritten Administration policy of re-detention – without a material change in circumstances and an individualized determination to justify detention. Respondents have confirmed in their answer that petitioner is presently detained under 8 U.S.C. § 1226(a) (which allows for discretionary release on bond) – as evidenced by a recent custody determination under that statute – and that petitioner is therefore entitled to a bond hearing in immigration court upon request. Petitioner has not alleged that any request for a bond hearing has been denied by the immigration court. At such a hearing, petitioner may obtain a determination whether his detention is justified by a danger to the community or a flight risk; accordingly, the Court denies petitioner's claim of a substantive due process violation. *See Valladares Javier*, 2026 WL 2420632, at *2 (D. Kan. Aug. 21, 2026) (Lungstrum, J.). In addition, because petitioner has available to him the procedures that accompany detention under Section 1226(a), including a bond hearing and an appeal from any adverse determination in immigration court, the Court denies petitioner's claim of a procedural due process

violation. *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.). Petitioner has not identified any additional procedures that he should receive other than the imposition of a heightened burden of proof on the Government at any bond hearing; but this Court has consistently rejected such a claim. *See id.* Petitioner has not addressed this Court's prior opinions addressing the issue; the Court therefore denies any claim regarding the burden of proof.

Regarding his detention after a prior release, petitioner argues that the Government should be required to demonstrate a change in circumstances justifying that detention. He has not identified any authority imposing such a requirement in the immigration context, however. Petitioner has not addressed the limited term of his release on parole; that limit belies any suggestion that the Government somehow promised or implied that petitioner would not be re-detained absent some other justification. Nor has petitioner addressed the possibility that a renewed ability or desire to effect removal would be a material change in circumstances. At any rate, petitioner was granted discretionary parole for only a limited period under 8 U.S.C. § 1182(d)(5), which provides that such parole does not constitute admission to the United States, and which further provides that the alien may be returned to custody when the parole's purpose has been served. *See id.* In this case, the purpose for petitioner's parole for a limited period was served once that period expired. Moreover, under the applicable regulations, petitioner's parole was automatically terminated when his parole term expired; and officials terminated his parole by written notice as well. *See* 8 C.F.R. § 212.5(e)(1), (2)(i). Petitioner claims that his re-detention violated the applicable statutes, but he has not identified any particular statutory provision violated by his re-

detention or the termination of his parole. Petitioner also claims a constitutional violation, but he has not cited any authority supporting such a violation in this immigration context. This Court has previously held that due process does not require a hearing prior to re-detention of an alien. *See Singh v. Mackey*, 2026 WL 2823307, at *2 (D. Kan. Sept. 21, 2026). Petitioner has not addressed this Court's decision in *Singh*, including its distinguishing of *Morrissey v. Brewer*, the case on which petitioner heavily relies.

Because petitioner may request a bond hearing, the individualized determination that he has allegedly been denied is in fact available to him. Moreover, petitioner has not shown that his re-detention violates federal law. The Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge